Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

*Attorneys for Defendant Smoothreads, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SMOOTHREADS, INC., a California corporation, d/b/a $2.95 GUYS,<br><br>Defendant. | CASE NO. **07-cv-2025**<br><br>**ANSWER**<br><br>**<u>DEMAND FOR A JURY TRIAL</u>** |

Defendant SMOOTHREADS, INC., a California Corporation, d/b/a 2.95 GUYS ("Defendant") answers the Complaint filed herein by plaintiff as follows:

# I

# ANSWER

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and on that basis denies those allegations.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies those allegations.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and on that basis denies those allegations.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

5. Defendant admits that its business includes compressing and shrink wrapping t-shirts into various shapes, including custom shapes. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and on that basis denies those allegations.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. Defendant admits that it advertises on the Internet at http://www.295guys.com. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

## Jurisdiction and Venue

8. Defendant admits that the Complaint purports to state claims for relief under the law described in paragraph 8 therein. Defendant admits that the Complaint asserts that jurisdiction is proper in the above-captioned court under the law described in paragraph 8 therein. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits that the Complaint asserts that venue is proper under the law described in paragraph 9 therein. Defendant admits that it has a place of business in the Southern District of California. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

## FIRST CLAIM

10. Defendant admits that Patent No. 5,042,227 issued and that "Merry; Wayne M. (St. Catherines, CA)" is listed thereon. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies those allegations.

12. Defendant admits that the Complaint purports to attach a copy of Patent No. 5,042,227 as "Exhibit 1" thereto.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's.

15. Defendant denies the allegations in paragraph 15 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's and that plaintiff is entitled to any of the remedies it seeks.

## SECOND CLAIM

16. Defendant admits that paragraph 16 of the Complaint purports to incorporate the preceding paragraphs thereof. Defendant incorporates by reference paragraphs 1 through 15, inclusive, of this Answer as though fully set forth herein.

17. Defendant admits that Patent No. D431,184 issued. Defendant admits that the Complaint purports to attach a copy of Patent No. D431,184 as "Exhibit 2" thereto. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint, including but not limited to that Patent No. D431,184 was issued "duly and lawfully," and on that basis denies those allegations.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's.

21. Defendant denies the allegations in paragraph 21 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's.

22. Defendant denies the allegations in paragraph 22 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's and that plaintiff is entitled to any of the remedies it seeks.

## THIRD CLAIM

23. Defendant admits that paragraph 23 of the Complaint purports to incorporate the preceding paragraphs thereof. Defendant incorporates by reference paragraphs 1 through 22, inclusive, of this Answer as though fully set forth herein.

24. Defendant admits that Patent No. D445,671 issued. Defendant admits that the Complaint purports to attach a copy of Patent No. D445,671 as "Exhibit 3" thereto. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, including but not limited to that Patent No. D445,671 was issued "duly and lawfully," and on that basis denies those allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies those allegations.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's.

28. Defendant denies the allegations in paragraph 28 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's.

29. Defendant denies the allegations in paragraph 29 of the Complaint, including but not limited to that defendant has ever infringed any valid patent of plaintiff's and that plaintiff is entitled to any of the remedies it seeks.

//

## FOURTH CLAIM

30. Defendant admits that paragraph 30 of the Complaint purports to incorporate the preceding paragraphs thereof. Defendant incorporates by reference paragraphs 1 through 29, inclusive, of this Answer as though fully set forth herein.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 31 of the Complaint that the "First Action" (as the term is defined in the Complaint) involved "the design patent sued upon again here," as the Complaint purports to bring action upon *two* alleged design patents of plaintiff, and on that basis Defendant denies that allegation. Defendant admits the remaining allegations in paragraph 31 of the Complaint.

32. Defendant admits that plaintiff and Defendant executed a written settlement agreement in relation to the "First Action." Defendant further admits that the "First Action" was dismissed against Defendant with prejudice. Defendant further admits that the Complaint purports to attach a copy of said written settlement agreement as "Exhibit 4" thereto. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint, and on that basis denies those allegations.

33. Defendant admits that the "First Settlement Agreement" (as the term is defined in the Complaint) contained paragraph 3(a) in "Exhibit 4" to the Complaint. Defendant further admits that the document entitled "AddVenture Products, Inc. Issued Design Patents" attached as part of "Exhibit 4" at pages thirty-seven (37) and thirty-eight (38) of the Complaint lists U.S. Patent Nos. D431,184 and D445,671. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34. Defendant admits that the "First Settlement Agreement" contained paragraph 4 in "Exhibit 4" to the Complaint. The remaining allegations in paragraph 34 of the Complaint are allegations of law, which Defendant denies as such.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant admits the allegations in paragraph 36 of the Complaint.

37. Defendant admits that plaintiff and defendant executed a written settlement agreement

in relation to the "Second Action" (as the term is defined in the Complaint). Defendant further admits that the "Second Action" was dismissed against defendant with prejudice. Defendant further admits that the Complaint purports to attach a copy of said written settlement agreement as "Exhibit 5" thereto. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and on that basis denies those allegations.

38. Defendant admits that the "Second Settlement Agreement" (as the term is defined in the Complaint) contained paragraph 1(a) in "Exhibit 5" to the Complaint. Defendant further admits that the "Second Settlement Agreement" contained the page of "Exhibit B" thereto that is attached to the Complaint as part of "Exhibit 5." Defendant denies the remaining allegations in paragraph 38 of the Complaint.

39. Defendant admits that the "Second Settlement Agreement" contained paragraph 4 in "Exhibit 5" to the Complaint. The remaining allegations in paragraph 39 of the Complaint are allegations of law, which Defendant denies as such.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint, including but not limited to that Defendant performed the acts therein that allegedly constituted a breach of the "Second Settlement Agreement."

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint, including but not limited to that Defendant performed the acts therein that allegedly constituted a breach of the "Second Settlement Agreement."

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies those allegations.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint, including but not limited to that Defendant breached the "Second Settlement Agreement" and that plaintiff has suffered any damage as a result of Defendant's purported breach.

49. Defendant denies the allegations in paragraph 49 of the Complaint, including but not limited to that Defendant breached the "Second Settlement Agreement" and that plaintiff has suffered any damage as a result of Defendant's purported breach.

**PRAYER FOR RELIEF**

Defendant denies that plaintiff is entitled to any of the relief requested in the Prayer or elsewhere in the Complaint.

**II**

## AFFIRMATIVE DEFENSES

Defendant is informed and believes and thereon alleges the following as separate and affirmative defenses:

1. As a separate affirmative defense, Defendant alleges that the Complaint, and each of the claims therein, fail to state a claim upon which relief can be granted.

2. As a separate affirmative defense, Defendant alleges that plaintiff has dismissed the claims against Defendant in this action with prejudice.

3. As a separate affirmative defense, Defendant alleges that it has been released from liability for each of the claims in the Complaint.

4. As a separate affirmative defense, Defendant alleges that Plaintiff's claims, and each of them, are barred by the doctrine of consent, including but not limited to consent arising out of a release of Defendant from liability.

5. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred by waiver, including but not limited to waiver arising out of a release of Defendant from liability.

6. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred by the doctrine of estoppel, including but not limited to estoppel arising

from a representation that Defendant had been released from liability.

7. As a separate affirmative defense, Defendant alleges that it has not infringed, directly or indirectly, any valid claim of U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671.

8. As a separate affirmative defense, Defendant alleges that U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671 are invalid and/or unenforceable for reasons including but not limited to that said patent(s) fail to comply with the provisions of 35 U.S.C. §§101, 102, 103, and/or 112.

9. As a separate affirmative defense, Defendant alleges that one or more claims of U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671 are invalid and/or unenforceable for reasons including but not limited to that said claim(s) fail to comply with the provisions of 35 U.S.C. §§101, 102, 103, and/or 112.

10. As a separate affirmative defense, Defendant alleges that plaintiff has misused U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671.

11. As a separate affirmative defense, Defendant alleges that plaintiff does not own some or all of the rights it claims in this lawsuit, including but not limited to rights in U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671.

12. As a separate and affirmative defense, Defendant alleges that plaintiff's claims for the alleged infringement of U.S. Patent Nos. 5,042,227, D431,184, and D445,671, to the extent they assert infringement by operation of the doctrine of equivalents, are estopped or otherwise barred by the arguments and amendments made in the prosecution history thereof.

13. As a separate affirmative defense, Defendant alleges that plaintiff's claims for damages for the alleged infringement of U.S. Patent Nos. 5,042,227, D431,184, and D445,671 are limited and/or barred because plaintiff has failed to plead compliance with, and/or comply with, the requirements of 35 U.S.C. §287.

14. As a separate affirmative defense, Defendant alleges that it has at all times acted in good faith, including but not limited to as the term is used in 35 U.S.C. §287.

//

15. As a separate affirmative defense, Defendant alleges that, to the extent Defendant was an earlier inventor of subject matter that plaintiff alleges infringes U.S. Patent Nos. 5,042,227, D431,184, and/or D445,671, Defendant has a defense to plaintiff's claims of patent infringement pursuant to 35 U.S.C. §273.

16. As a separate affirmative defense, pursuant to 35 U.S.C. §286, Defendant alleges that plaintiff is barred from recovering for any alleged infringement by Defendant of U.S. Patent Nos. 5,042,227, D431,184, or D445,671 that occurred more than six (6) years prior to the filing of plaintiff's Complaint.

17. As a separate affirmative defense, Defendant alleges that the contract upon which plaintiff brings action is unenforceable, including but not limited to unenforceable to the extent that it (1) violates the public policy against the enforcement of invalid or unenforceable patents, and/or (2) is preempted by the laws of the United States regarding patents (35 U.S.C. §§101 *et. seq.*).

18. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred because the applicable statute of limitations has run.

19. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred by the doctrine of laches.

20. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred by the doctrine of acquiescence.

21. As a separate affirmative defense, Defendant alleges that plaintiff's claims, and each of them, are barred by the doctrine of unclean hands and/or inequitable conduct.

22. As a separate affirmative defense, Defendant alleges that plaintiff has not suffered any injury as a result of the alleged conduct of Defendant.

23. As a separate affirmative defense, Defendant alleges that plaintiff failed and refused, and continues to fail and refuse, to take reasonable or adequate steps to mitigate, alter, reduce or otherwise diminish any alleged damages that it purportedly suffered. By reason of the foregoing, plaintiff is barred from recovering any such alleged damage.

24. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses are be available.

**III**

**PRAYER**

WHEREFORE, Defendant prays for a judgment as follows:

1. Dismissing plaintiff's Complaint with prejudice;

2. Awarding Defendant its costs of this suit;

3. Awarding Defendant its reasonable attorney's fees, to the extent provided for by contract or law; and

4. Granting Defendant such other and further relief as the Court may deem just and proper under all of the circumstances.

Dated: November 19, 2007

Respectfully submitted by,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

s/s Alex Papaefthimiou
Alexander E. Papaefthimiou

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Defendant Smoothreads, Inc.*

**DEMAND FOR A JURY TRIAL**

Defendant demands a trial by jury on all causes of action so triable.

Dated: November 19, 2007

Respectfully submitted by,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

s/s Alex Papaefthimiou
Alexander E. Papaefthimiou

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

*Attorneys for Defendant Smoothreads, Inc.*