cal______

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ADD VENTURE PRODUCTS, INC., a California Corporation,<br><br>Plaintiff,<br>v.<br><br>SMOOTHREADS, INC., a California Corporation, dba $2.95 GUYS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil No.07cv2025 BTM (AJB)<br><br>ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE; BRIEFING SCHEDULE AND OTHER REQUIREMENTS UNDER LOCAL RULES |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of the above entitled action will be held on ***January 22, 2008 at 10:00 a.m.*** in the chambers of Judge Anthony J. Battaglia, U.S. Courts Building, 940 Front St., Room 1145, San Diego, California.

**Mandatory Appearance Requirements**

Pursuant to Civil Local Rule 16.1.c and Patent Local Rule 2.1.a of the Local Rules of the United States District Court for the Southern District of California, **all counsel and each party, in addition to any other person(s) who has full and unlimited authority[1] to negotiate and enter into a binding**

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference. Pitman at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

**settlement must appear in person at the conference and must be prepared to discuss the claims, defenses and damages. Governmental entities may appear through litigation counsel only. As to all other parties, appearance by litigation counsel only is *not* acceptable**. The parties must be prepared to present demands and offers of settlement. **The failure of any counsel, party or authorized person subject to this order to appear in person will result in the immediate imposition of sanctions**. Sanctions will include, but will not be limited to, the attorneys' fees and travel costs of the other parties in the case. In addition, the conference will not proceed and will be reset to another date.

**Preparing for the ENE**

Plaintiff's counsel must give notice of the Early Neutral Evaluation conference to all defendants making an appearance after the date of this notice.

All conference discussions will be informal, off the record, privileged and confidential.

In preparation for the Early Neutral Evaluation Conference, plaintiff(s) must submit a settlement brief to chambers, through their counsel where applicable, by e-mail to *efile_battaglia@casd.uscourts.gov* **AND** serve it on all other counsel and any unrepresented parties by ***January 8, 2008.***

Plaintiff(s) brief must include the following:

1. A brief description of the case and the claims asserted;
2. A specific and current demand for settlement addressing all relief or remedies sought. If a specific demand for settlement cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the plaintiff(s) will be in a position to state a demand; and
3. A brief description of any previous settlement negotiations, mediation sessions or mediation efforts.

Defendant(s) must submit a settlement brief to chambers, through counsel where applicable, by e-mail to *efile_battaglia@casd.uscourts.gov* and serve it on all other counsel and any unrepresented parties by ***January 15, 2008***.

Defendant(s) brief must include the following:

1. A brief description of the defendant(s) position concerning plaintiff(s) allegations, any defenses and any counter-claims or set-offs asserted;
2. A specific and current response to plaintiff(s) demand and the defendant(s) specific offer of settlement; and,
3. A brief description of any previous settlement negotiations, mediation sessions or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order. It is assumed that all parties will negotiate in good faith.

The briefs are limited to five (5) pages and must not include exhibits, attachments, or incorporate by reference the pleadings on file or other material.

**Request for Continuance or to Vacate ENE date**

**Absent extraordinary circumstances, a request to continue the ENE will not be considered *unless* submitted via *a joint motion to continue the date* no less than fourteen days prior to the scheduled conference.**

Any request to continue the conference or request for relief from any of the provisions or requirements of this Order must be sought by a written ex parte application. The application must be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing counsel or any unrepresented parties subject to the Order.

If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a joint motion to vacate a conference date due to the complete settlement of the case is submitted no less than 48 hours before the scheduled conference.

**Case Management Under the Amended Federal Rules and Local Patent Rules**

In the event the case does not settle at the ENE, the parties can expect to leave the ENE with Rule 26 compliance dates and deadlines, and a Case Management Order including a Claim Construction briefing schedule and hearing date. **Parties shall therefore meet and confer pursuant to Fed. R. Civ.**

**P. 26(f) no later than *January 1, 2008*** and be prepared to discuss the following matter at the conclusion of the ENE conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D) and the date of initial disclosures;
2. Any proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;
3. Whether the court will hear live testimony at the Claim Construction Hearing;
4. The need for and specific limitations on discovery relating to claim construction, including depositions of percipient and expert witnesses;
5. The order of presentation at the Claim Construction Hearing; and
6. Any proposed modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule.

The Court will issue an order following the ENE addressing these issues and setting dates as appropriate.

Questions regarding this case may be directed to the Judge's chambers at (619) 557-3446.

IT IS SO ORDERED.

DATED: November 21, 2007

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court