# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDVENTURE PRODUCTS, INC., a California Corporation,<br><br>                     Plaintiff,<br>  vs.<br><br>SMOOTHREADS, INC., a California corporation, d/b/a $2.95 GUYS,<br><br>                     Defendant. | CASE NO. 07CV2025-MMA (AJB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ITS COMPLAINT WITH PREJUDICE**<br><br>[Doc. No. 54] |

      Pending before the Court is Plaintiff AddVenture Products, Inc.'s ("AddVenture") motion to voluntarily dismiss its complaint with prejudice. (Doc. No. 54.) AddVenture seeks to dismiss its complaint with prejudice on grounds that its present economic circumstances have "forced [it] to prematurely end its quest for justice against three-time infringer Smoothreads, and wishes to end the case at this juncture before spending escalates." (*Mot. to Dismiss* at 3:5–8.) Although Smoothreads ("2.95 Guys") does not oppose dismissal of the case with prejudice, $2.95 Guys requests that the Court condition dismissal upon Plaintiff's payment of Defendant's "reasonable attorney fees and costs." (*Def.'s Opp.* at 2:16–17.)

## BACKGROUND

      AddVenture is in the business of compressing t-shirts into promotional shapes. One of AddVenture's many innovative products is the "CompressT," a 100% cotton t-shirt, that is screen printed with a graphic and then compressed under pressure into a solid custom shape. AddVenture has

1  acquired numerous patents to protect its business enterprise, including the patents that are the subject
2  of this dispute, United States Patent Number 5,042,227 ("'227 Patent") and U.S. Design Patent Nos.
3  D431,184 and D445,671. The '227 Patent protects the "method and apparatus for compression
4  packaging," and the design patents protect two specific shapes for the compression packaging. $2.95
5  Guys, is a local t-shirt screen printer also engaged in the business of compressing t-shirts into a variety
6  of shapes for use as promotional items. On October 18, 2007, AddVenture filed the instant action
7  alleging, *inter alia*, that $2.95 Guys was infringing AddVenture's '227 Patent by "making, using,
8  offering for sale and selling t-shirts compressed by a method embodying the patented invention, and/or
9  inducing others to do the same." (*Compl.* [Doc. No. 1] at ¶13.) On April 24, 2009, the Court issued
10  its Order construing the disputed claim terms of the '227 Patent pursuant to *Markman v. Westview*
11  *Instruments, Inc*., 517 U.S. 370 (1996). (Doc. No. 50.) After the Court issued its Order, Plaintiff filed
12  the instant motion to voluntarily dismiss all claims with prejudice under Rule 41(a)(2) of the Federal
13  Rules of Civil Procedure. (Doc. No. 54.)

14  **LEGAL STANDARD**

15  Once an answer or summary judgment motion has been filed, a plaintiff may only voluntarily
16  dismiss a case by court order, and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).
17  The decision whether to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound
18  discretion of the trial court and may be reviewed only for abuse of that discretion. *Westlands Water*
19  *Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Stevedoring Services of America v. Armilla Intl.*
20  *BV*, 889 F.2d 919, 921 (9th Cir. 1989). The essential inquiry the court must make is "whether the
21  defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone*
22  *Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). The Ninth Circuit has explained that plain legal
23  prejudice is "just that - prejudice to some legal interest, some legal claim, some legal argument."
24  *Westlands Water Dist.*, *supra*, 100 F.3d at 97.

25  "Although courts often award defendants costs and attorney fees when granting a plaintiff's
26  motion to dismiss *without prejudice* under 41(a)(2), such an award is improper when the dismissal is
27  *with prejudice*." *United States v. Two Parcels*, 2001 U.S. Dist. LEXIS 16082, at *4–*5 (N.D. Cal.
28  2001). *See also Design Trend Int'l Interiors, Ltd. v. Huang*, 2007 U.S. Dist. LEXIS 66840, at *12–*13

1  (D. Az. 2007) ("district courts rarely grant an award of reasonable attorneys' fees when an action is
2  dismissed voluntarily with prejudice."). As courts have explained, attorney fees are unjustified in such
3  cases because there is no risk of Plaintiff refiling the same suit and imposing duplicative expenses
4  upon defendant. *Id.* If the court decides to impose conditions, including the payment of attorneys' fees
5  and costs, the Ninth Circuit has construed the language of Rule 41(a)(2) to effectively provide the
6  plaintiff with a safe-harbor. Specifically, a court granting a motion of voluntary dismissal with
7  conditions must give the plaintiff "a reasonable period of time within which [either] to refuse the
8  conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal
9  despite the imposition of conditions." *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th
10 Cir. 1990). *See also Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir. 1986).

## DISCUSSION

### 1. Dismissal and Attorneys' Fees under Fed. R. Civ. P. 41(a)(2)

13  Under Rule 41(a)(2), the Court's inquiry necessarily begins with the question of whether
14 dismissal is appropriate. Because AddVenture seeks dismissal of the action with prejudice, there does
15 not appear to be any prejudice to $2.95 Guys in granting AddVenture's motion. $2.95 Guys contends
16 that it will be prejudiced by the dismissal if it is not reimbursed for its attorneys' fees and costs. The
17 Ninth Circuit, however, has explicitly held that "the expense incurred in defending against a lawsuit
18 does not amount to legal prejudice." *Westlands Water Dist.*, *supra*, 100 F.3d at 97. While $2.95 Guys
19 relies on *Westlands* for the premise that the imposition of costs and fees as a condition to dismissal
20 is appropriate here, $2.95 Guys's characterization of the holding in that case is without merit. In
21 *Westlands*, the Ninth Circuit was presented with a motion to dismiss *without prejudice*. The Court held
22 that it would be appropriate to award costs and attorney fees as a measure to protect the defendant
23 from incurring duplicative fees and costs were the plaintiff to later refile the case. *Id.* Even under those
24 circumstances, however, the Court held that "imposition of costs and fees as a condition for dismissing
25 without prejudice is not mandatory." *Id.* (citing *Stevedoring Servs.*, *supra*, 889 F.2d at 921).

26  This is not a case where there is any potential for AddVenture to refile the action and impose
27 duplicative litigation expenses on $2.95 Guys. Nor does it appear that $2.95 Guys will incur any other
28 costs or hardships as a result of a dismissal with prejudice. Indeed, the Court agrees with AddVenture

in its assertion that by obtaining a dismissal with prejudice, "Defendant will [have] obtain[ed] the same substantive result as if it had proceeded all the way through trial and appeal and won, all at a micro-fraction of the typical cost." (*Mot. to Dismiss* at 6:22–25.) Accordingly, the Court dismisses this action with prejudice and declines to condition dismissal upon AddVenture's payment of $2.95 Guys's attorneys fees and costs.[1]

**2.     Attorneys' Fees under 35 U.S.C. § 285**[2]

$2.95 Guys makes a secondary argument that even if it is not entitled to attorneys' fees under Rule 41, it is entitled to fees under 35 U.S.C. § 285, which provides that the prevailing party may recover its attorney fees in "exceptional" patent cases. A court may award fees under Section 285 when: (1) it finds that there is clear and convincing evidence that the case is exceptional; and (2) the court then exercises its discretion to award fees to the prevailing party. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1376 (Fed. Cir. 2001); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F. 2d 1566, 1574 (Fed. Cir. 1996). As the Federal Circuit has explained, Section 285 serves as "the only deterrent to the . . . improper bringing of clearly unwarranted suits on obviously invalid or unenforceable patents." *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). Absent misconduct in conducting the litigation or in securing the patent, sanctions in the form of attorney fees under Section 285 may be imposed against the patentee only if both "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

---

[1] In addition to arguing that it is entitled to attorneys fees under Rule 41(a)(2) in terms of prejudice, $2.95 Guys also argues that Rule 41(a)(2) permits the award of attorneys fees when the action was filed and prosecuted in bad faith. The Court finds no mandatory authority for this proposition. *See Stevedoring*, *supra*, 889 F.2d at 922 (declining to address whether the plaintiff's good faith should be considered in deciding whether to impose costs and attorney fees, but noting a circuit split on the question). Even if bad faith were a proper basis to award fees under Rule 41(a)(2), however, $2.95 Guys has failed to demonstrate the requisite bad faith to impose such a condition on dismissal for the reasons set forth *infra*.

[2] $2.95 Guys contends that a motion for attorneys' fees under Section 285 is not currently before the Court. The Court, however, disagrees. $2.95 Guys spends a substantial portion of its opposition providing arguments in support of its position that it is entitled to its fees under Section 285. Moreover, permitting $2.95 Guys to bring a motion for its fees under this statutory provision after the Court grants AddVenture's motion to voluntarily dismiss with prejudice would constitute a "condition" within the meaning of Rule 41, such that AddVenture would be entitled to the rule's safe harbor provision. *See Lau v. Glendora Unified School Dist.*, 792 F.2d 929, 931 (9th Cir. 1986).

The Federal Circuit has clarified that the "exceptional case" limitation in the statute remains a "formidable . . . barrier to unwarranted awards." *Id.* at 754. Furthermore, the prevailing party must overcome this formidable barrier by clear and convincing evidence that the case is indeed "exceptional." *Mach Corp. of Am. v. Gullfiber Ab.*, 774 F.2d 467, 471 (Fed. Cir. 1985). The Federal Circuit has also explained that a moving party must produce proof of "actual wrongful intent . . . or of gross negligence" in order to succeed on such a motion. *Id.*

Here, $2.95 Guys has failed to meet the stringent standard imposed by Section 285. $2.95 Guys spends much of its opposition arguing that AddVenture did not have "a realistic chance of success on its utility patent claim." (*Def.'s Opp.* at 7:15–10:1.) The Court, however, finds no evidence that AddVenture pursued its claims under the '227 Patent in bad faith. $2.95 Guys's assertion that AddVenture did not perform a thorough pre-filing investigation is directly contradicted by the declaration of AddVenture's former counsel, John Roberts. (*Roberts Decl.* at ¶ 3.)[3] In addition, the Court rejects $2.95 Guys's argument that bad faith can be inferred because AddVenture failed to look up the ordinary meaning of the term "woven" prior to filing suit. The Court noted in construing the term "woven" that the "respective definitions [of the terms "knit" and "woven"] may overlap to the average person." (*Order* [Doc. No. 50] at 5:2–5.) Furthermore, $2.95 Guys's position is based on the benefit of hindsight, which is an improper basis by which to find bad faith. *See Digeo, Inc. v. Audible, Inc.*, 2006 U.S. Dist. LEXIS 87266, at *16 (W.D. Wash. 2006) ("In every patent case, the prevailing party will, with the benefit of hindsight, be able to allege that the unsuccessful party should not have brought the case (or defended against it)."). Finally, the Court finds that $2.95 Guys's argument that bad faith can be implied from AddVenture's acquisition of the utility patent to be completely without merit. $2.95 Guys has failed to provide any legal support for its position that acquiring a patent, and subsequently attempting to enforce one's rights under that patent, is tantamount to bad faith. Nor can the Court see any policy reason for reaching such a conclusion. It is important to note that Section 285 is an exception to the American Rule concerning Attorney fees and is "limited to circumstances in which it is necessary to prevent 'a gross injustice.'" *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003). This is simply not a case that rises to the level of a "gross injustice." Because

---

[3] The Court notes that Mr. Roberts withdrew as counsel of record for AddVenture prior to disposition of this motion. (Doc. Nos. 63, 64.)

$2.95 Guys fails to provide clear and convincing evidence that AddVenture brought this litigation in subjective bad faith or that the litigation was objectively baseless, this does not appear to be a case that would qualify as "exceptional" under Section 285. Accordingly, the Court declines to award $2.95 Guys its attorney fees under 35 U.S.C. § 285.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** AddVenture's motion to voluntarily dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 54.) The Court declines to condition dismissal on the payment of $2.95 Guys's attorneys' fees or costs. This Order disposes of all claims. Accordingly, the Court **ORDERS** the Clerk of Court to enter judgment in favor of Defendant Smoothreads d/b/a $2.95 Guys, and to terminate the case.

**IT IS SO ORDERED**.

DATED: October 8, 2009

Hon. Michael M. Anello
United States District Judge